TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
MARILYN E. GARTLEY
Assistant United States Attorney
U.S. Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-5084
Email: marilyn.gartley@usdoj.gov

*Attorneys for the Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIK HERNANDEZ ROBLES, an individual; ALEXIZ GOMEZ CARNERO, an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>RODNEY DARNELL DONALDSON, Jr., an individual; UNITED STATES POSTAL SERVICE, a government entity; DOES 1 through 10; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>        Defendants. | Case No. 2:26-cv-00397<br><br>**Notice of Removal** |

Pursuant to 28 U.S.C. §§ 1442(a)(1), 1446, the United States of America, for itself and on behalf of the United States Postal Service and Rodney Darnell Donaldson, Jr., a defendant herein who was acting within the course and scope of federal employment of office at the time of the subject incident (collectively, "Federal Defendants"), hereby moves this case to the United States District Court for the District of Nevada. The grounds for removal are set forth below.

On or about November 18, 2025, Plaintiffs commenced this action in the Eighth Judicial District Court, Clark County, Nevada, as case no. A-25-933157-C. Plaintiffs allege that Mr. Donaldson, while acting in the course and scope of his employment with the federal government, operated a USPS vehicle that was involved in a motor vehicle accident with

Plaintiffs' vehicle. As a result of the alleged accident, Plaintiffs claims personal injuries. Plaintiffs raised claims for negligence and negligence *per se*, negligent hiring, training, and supervision, and negligent entrustment against the Federal Defendants. Plaintiffs expressly invoke the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"). Pursuant to 28 U.S.C. § 1446(a), a copy of the state court summons and complaint is attached hereto as Exhibit A.

The FTCA provides federal district courts with exclusive subject matter jurisdiction for actions from the negligent or wrongful acts or omissions of federal employees while acting within the scope of their federal employment or office. *See* 28 U.S.C. § 1346(b)(1). Plaintiffs' allegations deprive the state court of subject matter jurisdiction over this tort action against the Federal Defendants.

This action is being removed to the United States District Court pursuant to 28 U.S.C. § 1442(a)(1). That section provides, in pertinent part:

> (a) A civil action or criminal prosecution commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue

This statute provides for a "broad" grant of removal jurisdiction; it is not given a "'narrow, grudging interpretation.'" *Nationwide Investors v. Miller*, 793 F.2d 1044, 1046 (9th Cir. 1986) (internal quotation marks omitted) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)). Under Section 1442(a)(1), federal court jurisdiction need not even be apparent from the face of the complaint. *See Jefferson Cnty. Alabama v. Acker*, 527 U.S. 423, 430–31 (1999); *Mesa v. California*, 489 U.S. 121, 136–37 (1989). The longstanding purpose of this removal statute is to ensure a federal forum in any case where a federal actor is entitled to raise a defense arising out of her official duties. *See Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986) (quoting *Arizona v. Manypenny*, 451 U.S. 232, 241 (1981)).

2

Plaintiffs have commenced this action "against" the Federal Defendants within the meaning of 28 U.S.C. § 1442(a)(1). The Federal Defendants have defenses and immunities that they are entitled to raise in a federal forum. By removing this action from the Eighth Judicial District Court, Clark County, Nevada to the United States District Court for the District of Nevada, the Federal Defendants do not waive any defenses available to it.

WHEREFORE, the Federal Defendants give notice that the above-captioned action has been removed from the Eighth Judicial District Court, Clark County, Nevada to the United States District Court for the District of Nevada.

Respectfully submitted this 13th day of February 2026.

TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney

/s/ Marilyn E. Gartley
MARILYN E. GARTLEY
Assistant United States Attorney

3

**<u>Certificate of Service</u>**

I, Liam Pisan, Paralegal Specialist, hereby certify that on this 13th day of February 2026, a true and complete copy of the foregoing **Notice of Removal** and attachments was served by e-mail and by first-class mail, postage prepaid, to the following:

Asif Lakhani, Esq.
Alexandre M. Fayad, Esq.
**Ace Lakhani Law Firm**
100 N. City Parkway, Ste. 1700
Las Vegas, NV 89106
ace@acelakhani.com
alex@acelakhani.com

*Attorneys for Plaintiffs*

_/s/ Liam Pisan_
LIAM PISAN
Paralegal Specialist
United States Attorney's Office

4